| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO<br>Alfred A. Arraj United States Courthouse<br>901 19th Street, Room A105<br>Denver, CO  80294-3589 | |
| Applicant: **DENNIS O'NEIL**<br><br>v.<br><br>Respondent: **CAPTAIN PARK COUNTY JAIL, MONTE GORE, STATE OF COLORADO, UNITED STATES**<br><br>and<br><br>Additional Respondent: **JOHN SOUTHERS, ATTORNEY GENERAL OF THE STATE OF COLORADO.**<br><br>Attorney for Applicant:<br>The Law Offices of Todd Barson, P.C.<br>Todd Barson, 23529<br>Heather Beattie, 37417<br>P.O. Box 5406/111 Ski Hill Road<br>Breckenridge, CO  80424<br>Phone: 970-547-7668<br>Fax: 970-547-1857<br>Email: heather_beattie06@yahoo.com | ▲ COURT USE ONLY ▲<br><br>Civil Action Number:<br><br><br>Div.            Ctrm: |
| **APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254 AND MOTION FOR COURT TO HOLD EVIDENTIARY HEARING** | |

COMES NOW the Applicant through his attorney Heather K. Beattie of The Law Offices of Todd Barson, P.C., and hereby files this Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 and Motion for Court to Hold Evidentiary Hearing. As grounds therefore counsel provides the following:

A.    **Conviction Under Attack**

1.    Name and location of Court that entered the judgment Applicant is attacking:

   County Court, Park County, P.O. Box 190, 300 Fourth Street, Fairplay, CO 80440.

2.    Date the judgment of conviction was entered:   January 22, 2008, judgment was stayed pending exhaustion of direct appeal and petition.

1

3.     Case Number: 06T527

4.     Describe the type and length of sentence imposed:

   One year county jail.

5.     The Applicant is not serving a sentence that was imposed for a conviction other than the conviction he is attacking in this application.

6.     Nature of the offenses with which you were charged:

   Driving Under the Influence, Driving with Excessive Alcohol Content, and Weaving.

7.     Of which counts was Applicant convicted?

   Driving While Ability Impaired and Weaving

8.     What was Applicant's Plea?   Not guilty to all counts.

9.     Applicant did not plead guilty.

10.     Applicant had a jury trial.

11.     Applicant testified at trial.

**B.**     **Direct Appeal**

1.     Applicant filed a direct appeal.

2.     Name and location of court were direct appeal was filed:

   District Court, Park County. P.O. Box 190, 300 Fourth Street, Fairplay, CO 80440.

3.     Date and result of direct appeal, see Applicant's Exhibit A, Opening Brief, Exhibit B, Answer Brief, Exhibit C, Reply Brief, and Exhibit D, Ruling on Appeal to District Court:

   September 14, 2007, affirmed trial court.

4.     Did Applicant seek review in the state's highest court on direct appeal? Yes.

5.     Date and result of review in state's highest court, see Applicant's Exhibit E, Petition for Certiorari and Exhibit F, Order:

   December 31, 2007, petition for certiorari denied.

6. Claims raised on direct appeal:

    (I) The County Court erred when it prevented the Defendant from inquiring into the alleged bias of the People's key witness, Deputy Plutt, under C.R.E. 404(b) [Federal Rule Identical] as the evidence Defendant sought to admit showed the Deputy had the opportunity, a plan, and the knowledge to carry out fabricated stops of Park County citizens.

    (II) The County Court erred when it prevented the Defendant from inquiring into the alleged bias of the People's key witness, Deputy Plutt, under the United States Constitution Amendment VI and the Colorado Constitution Article II, Section 16 effectively denying the Defendant to a fair trial, the right to mount a defense, and to confront adverse witnesses.

    (III) The County Court erred when it denied Defendant's right to a meaningful suppression hearing by refusing to consider evidence bearing on the credibility of the People's key witness, Deputy Plutt, under the United States Constitution Due Process Clause of the VI and XIV Amendments and the Colorado Constitution Article II, Section 7 and 25 effectively denying his right to due process.

    (IV) The County Court erred when it found the Defendant's proffered evidence to prove the alleged bias of the People's key witness, Deputy Plutt, was insufficient.

7. Were all claims raised on direct appeal presented to the state's highest court? Yes.

8. Applicant did file a direct appeal and did present all of his claims to the state's highest court.

**C.**  **Post-conviction Proceedings**

1. Other than a direct appeal, have you initiated any post-conviction proceedings with respect to the judgment under attack in any state or federal court?   No.

**D.**  **Claims**

1. The Applicant has fairly presented to Colorado's highest court each of the claims asserted in this action.

2. Claim One:

The County Court violated the Defendant's right to confront his accusers when it prevented him from inquiring into the modus operandi of Deputy Plutt under Federal Rule of Evidence 404(b).

    A. Supporting facts:

3

On September 18, 2006 Mr. O'Neil filed a Motion to Suppress based on the unconstitutional stopping of his vehicle without reasonable suspicion or probable cause. Mr. O'Neil then filed a Notice of Witnesses to include: Garver Brown, Karen McCubbin Linch, Kreg Kennedy, Jeff Hill, Bonnie Meade, Gary Stamper, Jessie Hatfied and Greg Lamonaca.

A hearing was held on the Motion to Suppress on December 27, 2006. Mr. O'Neil argued for the suppression of evidence based on the fact that he did not fail to drive in his own lane as Deputy Plutt asserted was the basis for the stop. Further, Mr. O'Neil offered proof to the court that at least five other individuals were pulled over for similar reasons at similar hours of the night within the same general time frame as Mr. O'Neil by the same Deputy Plutt. The witnesses could provide proof that each incident was without legal justification.

The County Court issued its Findings and Order on February 16, 2007. In its Findings the County Court concluded that the proffered evidence was marginally relevant. The County Court used the argument that it had already decided there was probable cause for the stop. It further found that whatever relevance the other stops might have is outweighed by the distraction to the jury.

3. Claim Two:

<u>The County Court violated the Defendant's right to a fair trial, the right to mount a defense, and to confront adverse witnesses when it prevented the Defendant from inquiring into the alleged bias of the People's key witness, Deputy Plutt, under the United States Constitution Amendment VI and the Colorado Constitution Article II, Section 16.</u>

A. Supporting Facts:

The County Court refused any presentation of Mr. O'Neil's above mentioned evidence. See Section D(2). Counsel for Mr. O'Neil asked Deputy Plutt on cross if she had ever pulled anybody over without probable cause to which she replied, "never". Mr. O'Neil should have been allowed to introduce evidence to the contrary. First, Mr. O'Neil was not permitted to inquire of the Deputy whether the prior arrests had taken place, even though that is considered proper questioning under case law. Second, Mr. O'Neil was likewise precluded from calling witnesses who would have testified they were pulled over without any justification. Third, the County Court should have at least considered pre-trial questioning of Deputy Plutt as to this issue due to the effect it would have on her credibility if it were introduced at trial.

4. Claim Three:

<u>The County Court erred when it denied Defendant's right to a meaningful suppression hearing by refusing to consider evidence bearing on the credibility of the People's key witness, Deputy Plutt, under the United States Constitution Due</u>

4

<u>Process Clause of the VI and XIV Amendments and the Colorado Constitution Article II, Section 7 and 25 effectively denying his right to due process</u>.

  A. Supporting Facts:

The District Court adopted the findings of the County Court. The District Court Findings provides that counsel pointed to no evidence that the Country Court's ruling was manifestly arbitrary, unreasonable, or unfair. Yet, the Applicant there argued that while the trial court has broad discretion to permit or deny cross examination of certain topics it does not have the right to deny defendants the right to confront their accuser. It was manifestly unjust, unfair, and unreasonable to deny Mr. O'Neil even the opportunity to bring in these witnesses in an evidentiary matter, in addition to being denied the right to question Deputy Plutt in any way about the previous arrests she had made. The Count Court effectively denied Mr. O'Neil his right to surmount his own defense by preventing any questioning of Deputy Plutt about her pattern of conduct.

E. **Prior Applications**

1. Other than the instant action, the Applicant has never filed any action in federal court challenging the conviction under attack in this action.

F. **Other Convictions**

1. The Applicant does not have any concurrent or future sentence to be served after he completes the sentence imposed as a result of the conviction under attack in this action.

G. **Legal Representation**

1. The following attorneys have represented me in the proceedings regarding the conviction under attack:

  A. Preliminary hearing, arraignment and plea, trial, sentencing, and appeal:

   Todd Barson, Esq.
   The Law Office of Todd Barson, P.C.
   P.O. Box 5406
   111 Ski Hill Road
   Breckenridge, CO 80424

  B. Petition for writ of habeas corpus:

   Heather K. Beattie, Esq.
   The Law Office of Todd Barson, P.C.

5

P.O. Box 5406
111 Ski Hill Road
Breckenridge, CO 80424

**H.** <u>**Request for Relief**</u>

I request this Court enter an order to hold an evidentiary hearing pursuant to 28 USC 2254(e)(2)(A)(ii). The Applicant has failed to develop the factual basis of a claim in the State court proceedings because the applicant has shown that the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence. In fact, the Applicant made significant efforts to bring the factual predicate to the State's courts attention, but the State courts improperly denied the Applicant the right to present the evidence.

In addition, the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the Applicant guilty of the underlying offense.

The Applicant has shown through his motion, files, and records of the case that he is entitled to relief. I request this Court enter an order to show cause to the Colorado Attorney General, John Southers, as to why this Court should not vacate and set the judgment aside and discharge the prisoner, Applicant, because the State has infringed on the constitutional rights of the prisoner such as to render the judgment vulnerable to collateral attack.

**Declaration Under Penalty of Perjury**

I declare under penalty of perjury that I prepared the forgoing application and the information provided is true and correct.

Executed on February 25, 2008

                                      Prepared by:

                                      THE LAW OFFICE OF TODD BARSON, P.C.

                                      */s/ Heather K. Beattie*
                                      Heather K. Beattie, Esq., A.R.N. 37417

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2008, a true copy of the foregoing document APPLICATION FOR WRIT OF HABEAS CORPUS was sent via United States Postal Service postage prepaid and addressed to the following parties:

Clerk of the U.S. District Court
The District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO 80294-3589

Clerk of the District Court
P.O. Box 190
Fairplay, CO 80440
(courtesy copy provided via fax)

John Southers, Attorney General
Office of the Attorney General


Captain Monte Gore
Park County Jail
P.O. Box 604
1180 Park County Road 16
Fairplay, CO 80440

_____
Heather Beattie