IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00387-WDM-KMT

DENNIS O'NEIL,

Applicant,

v.

MONTE GORE, Captain Park County Jail, State of Colorado, and
JOHN SOUTHERS, Attorney General of the State of Colorado,

Respondents,

---

## RESPONSE TO MOTION TO DISMISS FOR LACK OF JURISDICTION

---

The Applicant [hereinafter the "Defendant"] by and through his attorney Heather K. Beattie

of The Law Offices of Todd Barson, P.C., and hereby files this Response to Respondent,

Attorney General of Colorado, John Southers' Motion to Dismiss for lack of jurisdiction.  As

grounds therefore counsel provides the following:

## A.    IN PERSONAM JURISDICTION—FACTUAL BASIS

1.    The judgment against the Defendant was entered by the Park County Court, located at

      300 Fourth Street, Fairplay, Colorado.

2.    The judgment of conviction was entered on January 22, 2008; however, judgment

      was stayed pending exhaustion of direct appeal and petition.  The Park County Court

      sentenced him to one year county jail.

3.    The sentence is being stayed pending the outcome of the Defendant's Application for

      a Writ of Habeas Corpus [hereinafter referred to as the "Application"].

4.   In fact, the Park County Court allowed the Defendant until February 23, 2008 to file the Application.

5.   The Defendant filed the Application to this Court on February 25, 2008, and proof thereof the same day with the Park County Court.  On February 26, 2008 the Park County Court issued a warrant for the Defendant's arrest.

6.   The Defendant discovered the warrant in late March 2008 and applied to the Park County Court to quash the warrant pending the outcome of the Application.  The Park County Court did quash the warrant and set a review date for July 2008 for a paper review of the status of this Application.

**B.   IN PERSONAM JURISDICTION—LEGAL AUTHORITY**

7.   Under 28 U.S.C. §2254(a):

> [A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

8.   28 U.S.C. §2254, provides that habeas corpus shall apply only "in behalf of a person in custody pursuant to a judgment of state court." In Preiser v. Rodriguez, the Supreme Court said: "It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." 411 U.S. 475, 484 (1973).

9.   Initially, the Supreme Court held that habeas corpus was appropriate only in those situations in which petitioner's claim would, if upheld, result in an immediate release from a present custody. McNally v. Hill, 293 U.S. 131 (1934).

10.   This was changed in <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968), in which the Court held

that habeas corpus was a proper way to attack a consecutive sentence to be served in

the future, expressing the view that consecutive sentences resulted in present custody

under both judgments, not merely the one imposing the first sentence.

11.   This view was expanded in <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968), to recognize

the propriety of habeas corpus in a case in which petitioner was in custody when the

petition had been originally filed but had since been unconditionally released from

custody. See also <u>Preiser v. Rodriguez</u>, 411 U.S. at 486 et seq.

12.   Since <u>Carafas</u>, custody has been construed more liberally by the courts so as to make

a Sec. 2255 motion or habeas corpus petition proper in more situations. "In custody"

now includes a person who is: on parole, <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963);

at large on his own recognizance but subject to several conditions pending execution

of his sentence, <u>Hensley v. Municipal Court</u>, 411 U.S. 345  (1973); or released on

bail after conviction pending final disposition of his case, <u>Lefkowitz v. Newsome</u>, 95

S.Ct. 886 (1975).  The <u>Hensley</u> case was cited by Respondent Suthers for the

proposition that the Court had *implied* that the state trial court is the correct

custodian.  See Resp. Motion to Dismiss at ¶3.  However, the district court in

<u>Hensley</u> had denied relief to the Applicant/Defendant based on the fact that he was

released on his own recognizance and that was not sufficient "custody" to confer

jurisdiction to the district court.  411 U.S. at 345.  The Supreme Court reversed

finding, with the majority of courts in the country, that the less restrictive view of

custody is the proper one for determination of the question whether an individual is

in custody. Id. at 349. The rationale used by the Court was that Hensely was subject to severe restraints on his liberty namely, "His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice." Id. at 351. Further, the Court reasoned, "The petitioner has been forced to fend off the state authorities by means of a stay, and those authorities retain the determination and the power to seize him as soon as the obstacle of the stay is removed. The need to keep the stay in force is itself an unusual and substantial impairment of his liberty." Id. at 351-52.

13.     Subdivision (a) of Section 2254 provides that an applicant challenging a state judgment, pursuant to which he is presently in custody, must make his application in the form of a petition for a writ of habeas corpus. It also requires that the state officer having custody of the applicant be named as respondent. This is consistent with 28 U.S.C. Sec. 2242, which says in part, "[Application for a writ of habeas corpus] shall allege * * * the name of the person who has custody over [the applicant] * * *." The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated (Sanders v. Bennett, 148 F.2d 19 (D.C.Cir. 1945)) or the chief officer in charge of state penal institutions.

14.     Further, Subdivision (b) of Section 2254 prescribes the procedure to be used for a petition challenging a judgment under which the petitioner will be subject to custody in the future. In this event the relief sought will usually not be released from present custody, *but rather for a declaration that the judgment being attacked is invalid.*

15.     Subdivision (b) thus provides for a prayer for "appropriate relief." It is also provided

that the attorney general of the state of the judgment *as well as* the state officer

having actual custody of the petitioner shall be named as respondents. This is

appropriate because no one will have custody of the petitioner in the state of the

judgment being attacked, *and the habeas corpus action will usually be defended by*

*the attorney general*. The attorney general is in the best position to inform the court as

to who the proper party respondent is. If it is not the attorney general, he can move

for a substitution of party.

## C.     IN PERSONAM JURISDICTION—ANALYSIS

16.     Therefore, the attorney general should move for a substitution of party, if a better

party exists as Respondent.  The appropriate relief is not dismissal of the Application

for Habeas Corpus.

17.     In fact, the Respondent Attorney General John Suthers should either move for

substitution or to join another party, if it would serve the ends of justice.

19.     This Court has personal jurisdiction pursuant to 28 U.S.C. §2254(a).  The Defendant

is attacking his state court conviction based on a violation of his Fourth Amendment

right to be free from unreasonable search and seizure.

20.     It is clear from the above cited legal authority that the Defendant is "in custody" for

the purpose of this Application.  He is subject immediately to incarceration if he is

unsuccessful in this Application.  This is evidenced by the warrant issued when

Defendant was one day late to file the proof of submission to the Park County Court.

WHEREFORE the Defendant requests this Court deny the Respondent Attorney General's

Motion to Dismiss and order the Respondent to Answer the Application or in the alternative

order an evidentiary hearing to be held.

Respectfully submitted this 13 day of May 2008.

*/s/ Heather K. Beattie*
Heather K. Beattie, #37417
Attorney for Defendant
Law Office of Todd Barson, P.C.
P.O. Box 5406
Breckenridge, CO 80424
Phone: 970-547-7668
Fax: 970-547-1857

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2007, I electronically filed the foregoing RESPONSE TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Laurie.Booras@state.co.us

And I hereby certify that I have mailed or served the RESPONSE TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION upon all parties herein by depositing copies of same in the United States mail, first-class postage prepaid, at Breckenridge, Colorado this 13 day of May 2008 addressed as follows:

Herbert C. Phillips
County Attorney, Park County
P.O. Box 1046
Fairplay, CO 80440
(via U.S. mail)

Honorable Molly Chilson
District Attorney, Eleventh
Judicial District
P.O. Box 1206
Fairplay, CO 80440
(via U.S. mail)

*/s/ Heather K. Beattie*