IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 08-cv-00387-WDM-KMT

DENNIS O'NEIL,

    Applicant,

v.

MONTE GORE, Captain Park County Jail, State of Colorado, and
JOHN SOUTHERS[1], Attorney General of the State of Colorado,

    Respondents.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the Motion to Dismiss (doc no 11) filed by Respondent John Suthers, Attorney General of the State of Colorado ("Attorney General"). Applicant Dennis O'Neil opposes the motion. Respondent Monte Gore ("Captain Gore") has not responded to the motion. For the reasons set forth below, I will deny the motion but instruct Applicant to file an amended petition if necessary.

Applicant has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 naming as custodians the Attorney General and Captain Gore. Applicant challenges his misdemeanor conviction for driving while impaired. The judgment against Applicant was entered in the County Court, Park County, Colorado on January 22, 2008. According to Applicant, the judgment has been stayed pending exhaustion of Applicant's appeals and this petition. The Attorney General contends that he is not a proper respondent because

---

[1]The Attorney General's name is correctly spelled "John Suthers."

Applicant is not in the Attorney General's custody. *See* 28 U.S.C. § 2242) (application for writ of habeas corpus shall name the person who has custody over petitioner). The Attorney General does not dispute that Applicant is "in custody" for the purposes of habeas corpus but contends that the proper custodian is the County Court of Park County. The Attorney General argues that jurisdiction is lacking if a habeas corpus applicant has failed to name the proper custodian as a party.

I agree with the Attorney General in part. In *Hensley v. Municipal Court*, the United States Supreme Court established that a petitioner who was released on his own recognizance pending execution of a stayed sentence is "in custody" for the purposes of federal habeas corpus relief. 411 U.S. 345, 351 (1973). I agree with the Attorney General that the Court in *Hensley* implied that, in such circumstances, the state court who has the unilateral power to revoke the stay of execution of the sentence is the custodian of the petitioner. Accordingly, I agree that Applicant's petition should be amended to include the presiding state court as a respondent, assuming that Applicant's sentence is still stayed and he is not incarcerated at this time. In addition, it appears that Captain Gore is not a proper respondent at this time, since there is no evidence that Applicant is incarcerated in the Park County Jail.

However, I disagree that the Attorney General should be dismissed from this case or that I do not have jurisdiction. Pursuant to Rule 2(b) of the rules governing Section 2254 cases, *if a petitioner is not yet in custody but may be subject to future custody under a state court judgment*, the petition must name as respondents "both the officer who has current custody and the attorney general of the state where the judgment was entered." The Attorney General is therefore a proper party. Applicant, the Attorney General, and the

2

County Court of Park County are all within the jurisdiction of this court and, therefore, the petition should not be dismissed.[2]

Accordingly, it is ordered:

1. The Motion to Dismiss (doc no 11) filed by Respondent John Suthers, Attorney General of the State of Colorado, is denied.

2. If Applicant's sentence continues to be stayed and he is not incarcerated pursuant to his conviction, he shall file an amended petition for writ of habeas corpus within ten days of this order adding as a respondent the County Court of Park County, Colorado and removing as a respondent Monte Gore.

DATED at Denver, Colorado, on August 5, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[2]The Attorney General also argues that the District Attorney of the Eleventh Judicial District should be named as a respondent. However, the Attorney General provides no legal authority for this and no analysis under Rule 19. Accordingly, I decline to order the joinder of the District Attorney at this time.