IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00387-WDM-KMT

DENNIS O'NEIL,

Applicant,

v.

PARK COUNTY COURT, STATE OF COLORADO, and
JOHN SUTHERS, ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ANSWER

Respondents file an answer in response to O'Neil's federal habeas corpus application, as follows:

### CLAIMS RAISED IN THE APPLICATION

Applicant O'Neil attacks his Colorado misdemeanor conviction in Park County case no. 06T527.  He appears to raise the following claims:

1.  The county court violated O'Neil's right to confrontation when it prevented him from inquiring into the modus operandi of Deputy Plutt under Federal Rule of Evidence 404(b).

2.  The county court violated O'Neil's right to a fair trial, the right to present a defense, and his right to confrontation when the court prevented O'Neil from inquiring into the alleged bias of a key prosecution witness, Deputy Plutt.

3.  The county court denied O'Neil a meaningful suppression hearing and due process by refusing to consider evidence that bore on the credibility of a key prosecution witness, Deputy Plutt.

PROCEDURAL HISTORY

On July 15, 2006, applicant O'Neil was stopped by Park County Deputy Jennifer Plutt and subsequently charged with driving a motor vehicle under the influence of alcohol, pursuant to Colo. Rev. Stat. § 42-4-1301(1)(a) and Failing to Drive in a Single Lane (Weaving), pursuant to Colo. Rev. Stat. § 42-4-1007(1)(a) (Exhibit D, Findings, p. 1).  O'Neil filed a motion to suppress evidence, which was the subject of a December 27, 2006 hearing held by Park County Court Judge Stanley Mayhew (Exhibit D, Findings, p. 1).  The court denied O'Neil's oral motion to introduce evidence of other traffic contacts conducted by Deputy Plutt (Exhibit D, Findings, p. 1).  Judge Mayhew also denied the motion to suppress, finding that the deputy had reasonable suspicion to stop O'Neil for weaving (Exhibit  D, Findings, p. 1).

Next, on January 8, 2007, O'Neil filed a Notice of Intent to Introduce Other Transactions (CRE 404b) (sic) (Exhibit D, Findings, p. 1).  He wished to elicit evidence from five individuals who would testify that they believed that they had been wrongfully stopped on other occasions by the Deputy Plutt.  Some would also testify that the reasons Deputy Plutt gave for their stops were false (Exhibit D, Findings, p. 1).  At a hearing on this motion, O'Neil stated that the only purpose of this evidence was to attack Plutt's credibility (Exhibit D, Findings, p. 1).  Judge Charles Barton ruled that the evidence was not appropriate impeachment, and did not possess sufficient "commonality" to support the existence of a plan on the part of Deputy Plutt to support admissibility under CRE 404(b) (Exhibit D, Findings, p. 3).

On February 27, 2007, O'Neil was convicted by a jury of two counts: (1) the lesser offense of driving while impaired, and (2) weaving (Exhibit D, Ruling, p. 2).  O'Neil was sentenced to one year in the county jail, to serve 90 days with work release (federal habeas corpus application at p. 2).  Apparently, the sentence has been stayed pending the resolution of this federal habeas corpus proceeding.

The conviction was affirmed on direct appeal to the district court on September 14, 2007 (Exhibit D, Ruling, pp. 2-3).[1]  O'Neil filed a petition for a writ of certiorari in the Colorado Supreme Court (Exhibit E), which was denied on December 31, 2007 (Exhibit F).

This federal habeas application was initially filed on February 28, 2008, (Doc. 1).  O'Neil was ordered to file an amended petition because he initially named an incorrect Respondent, Captain Monte Gore (Doc. 14).  The amended application was filed on August 16, 2008 (Doc. 15).

TIMELINESS OF THIS PETITION UNDER 28 U.S.C. § 2244.

It appears that O'Neil's federal habeas corpus application is timely.

Under 28 U.S.C. § 2244(d)(1), a 1-year limitations period applies to applications for writ of habeas corpus.  The limitations period begins to run on the date the conviction became final by the conclusion of direct review, or the expiration of time for seeking such review, and allows for tolling during the pendency of a state postconviction proceeding.

---

[1] Under Colorado law, misdemeanor cases are appealed to the district court, from which a petition for certiorari review may be filed in the Colorado Supreme Court. Crim. P. 37.

"Direct review" has been construed to include the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  See <u>Locke v. Saffle</u>, 237 F.3d 1269, 1272 (10th Cir. 2001) (a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until -- following a decision by the state court of last resort -- "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed").

Here, O'Neil's direct appeal concluded on March 31, 2008, which was 90 days after the Colorado Supreme Court denied certiorari review in his direct appeal.  This federal habeas corpus application was filed within one-year after that date.

<u>EXHAUSTION OF STATE COURT REMEDIES</u>

**A.  General legal standards.**

Federal habeas corpus relief may not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state.  28 U.S.C. § 2254(b); <u>Gray v. Netherland</u>, 518 U.S. 152, 116 S. Ct. 2074 (1996).  A federal claim generally will not be deemed exhausted unless the "substance" of the claim

has been "fairly presented" to the state courts.  <u>Picard v. Conner</u>, 404 U.S. 270, 92

S. Ct. 509 (1971).

Claims must be presented as constitutional issues in the state court

proceedings in order to be exhausted.  <u>Duncan v. Henry</u>, 513 U.S. 364, 115 S. Ct.

887 (1995) (presenting claim to state courts that is merely similar to federal habeas

claim is insufficient); <u>Moffat v. Gilmore</u>, 113 F.3d 698, 703 (7th Cir. 1997) (in

order to be exhausted, there must be "significant mention" of a federal

constitutional issue in the state courts).  Moreover, it is not enough to make a

general appeal to a constitutional guarantee as broad as due process to present the

"substance" of such a claim to a state court.  <u>Gray v. Netherland</u>, <u>supra</u>, 518 U.S. at

163, 116 S. Ct. at 2081.

Additionally, in order to exhaust state remedies, an applicant must present

the same facts and legal theory that support his federal court claims in the state

courts.  <u>See</u> <u>Demarest v. Price</u>, 130 F.3d 922, 932 (10th Cir. 1997) (finding claims

unexhausted when petitioner made general allegations of ineffective assistance of

counsel in state court and more specific allegations in federal court on habeas).

For a claim to be exhausted, it must be "fairly presented" to the state courts "by

invoking one complete round of the State's established appellate review process."

<u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-845, 119 S. Ct. 1728, 1732 (1999).

**B.  Whether O'Neil's claims have been exhausted in the state courts.**

Claim one.

In O'Neil's direct appeal, in which he was represented by counsel, he did not raise his claim one as a federal constitutional issue by characterizing it as "constitutional" or citing federal authority (Exhibit A, pp. 13-17).  He simply relied on CRE 404(b), which is a Colorado Rule of Evidence and cases that apply that rule.   Thus, this claim was not raised in the lower appellate court (in Colorado misdemeanor cases, the district court).

Additionally, O'Neil did not raise this claim in his petition for certiorari review in the Colorado Supreme Court.  His certiorari claim, although phrased somewhat differently, appears to relate to his present federal claim three (Exhibit E, p. 2).  His present claim one is an analysis under FRE 404(b).  However, neither CRE 404(b) nor FRE 404(b) was mentioned in O'Neil's state certiorari petition.

Claim two.

O'Neil cited the Sixth Amendment to the United States Constitution when he raised his claim two in the district court (Exhibit A, p. 17).  Although he did not engage in extensive analysis, it appears that this reference was sufficient to alert the state court that he was asserting a federal constitutional theory for his confrontation claim.

7

Again, it does not appear that O'Neil raised his claim two in his Colorado Supreme Court certiorari proceedings. This claim alleges the denial of a fair "trial," while claim three alleges the denial of a meaningful "suppression hearing." In the Colorado Supreme Court, O'Neil appears to complain about the failure to admit his proposed impeachment evidence at the suppression hearing. He asserted that the county court "should have at least considered pre-trial questioning of Deputy Plutt as to this issue due to the effect it would have on her credibility if it were introduced at trial." (Exhibit E, p. 8). Thus, it appears that O'Neil's Colorado Supreme Court certiorari proceedings raise claim 3, but not claim 2.

Claim three.

O'Neil appears to have presented his claim three in the state courts as a federal constitutional claim, both in the lower appellate court and in the Colorado Supreme Court.

**C. Summary.**

O'Neil has exhausted his claim three. He has failed to exhaust his claim one by failing to raise it as a federal constitutional issue in the district court, and by failing to raise it at all in the Colorado Supreme Court. Similarly, O'Neil failed to raise his claim two in the Colorado Supreme Court.

8

Thus, claim three has been exhausted, claim one is unexhausted, and the

exhaustion of claim two depends on the applicability of C.A.R. 51.1.

Rule 51.1 provides:

> **(a)    Exhaustion of Remedies.**  In all appeals
> from criminal convictions or post-conviction relief
> matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following
> an adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error.  Rather, when a claim has
> been presented to the Court of Appeals or Supreme
> Court, and relief has been denied, the litigant shall be
> deemed to have exhausted all available state remedies.

> **(b)    Savings Clause.**  If a litigant's petition for
> federal habeas corpus is dismissed or denied for failure to
> exhaust state remedies based on a decision that this rule
> is ineffective, the litigant shall have 45 days from the
> date of such dismissal or denial within which to file a
> motion to recall the mandate together with a writ of
> certiorari presenting any claim of error not previously
> presented in reliance on this rule.

According to the plain language of Rule 51.1, review by the Colorado

Supreme Court is not unavailable.  Whereas § 2254 requires that a remedy be

unavailable, Rule 51.1 falls short of this requirement.  By stating that a litigant

shall be deemed to have exhausted all available state remedies, Rule 51.1 in effect

states that discretionary review is not necessary.  Even though such review may be

unnecessary, a defendant may still petition the Colorado Supreme Court for

certiorari.  Thus, review is still available.  Compare Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (Georgia appellate rule amended to state that "review on certiorari is not a right").

Thus, Respondents contend that only the claim that was raised in the certiorari proceeding has been exhausted.  Because O'Neil, at a minimum, has failed to exhaust his claim one, and did not exhaust claim two, absent Rule 51.1, his federal habeas corpus application is subject to dismissal as a mixed petition. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).  Because O'Neil may still file a state postconviction proceeding under Crim. P. 35(c), an available remedy for exhaustion still exists.  Furthermore, because his claims fail on the merits, as discussed below, this Court may elect to rule on the merits rather than dismiss for exhaustion.  See  Granberry v. Greer, 481 U.S. 129, 107 S. Ct. 1671 (1987).

RESPONSE TO O'NEIL'S ALLEGATIONS.

Standard of review.

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief should not be granted with respect to a claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application

10

of, clearly established Federal law, as determined by the Supreme Court of the
United States; or (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State court
proceeding.  § 2254(d), U.S.C.

A state court decision is "contrary to" clearly established federal law if the
state court arrives at a conclusion opposite to that reached by the Supreme Court
on a question of law or if the state court decides a case differently on a set of
materially indistinguishable facts.  Penry v. Johnson, 532 U.S. 782, 792-793, 121
S. Ct. 1910, 1918 (2001).  To be based on an unreasonable application of clearly
established Federal law, a state court decision must be objectively unreasonable--
not merely erroneous, incorrect, or contrary to what a federal court might decide on
direct appeal.  See Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843 (2002); Williams v.
Taylor, 529 U.S. 362, 410-11, 120 S. Ct. 1495, 1522 (2000).

## I.  The county court did not violate O'Neil's right to confrontation when it prevented him from inquiring into the modus operandi of Deputy Plutt.

O'Neil contends that his right to confrontation was denied when the trial
court refused to permit him to inquire into the modus operandi of Deputy Plutt.  In
this federal habeas corpus proceeding, he relies on Federal Rule of Evidence
404(b).  While the Federal Rules of Evidence are technically not applicable to a

Colorado state court proceeding, Colorado Rule of Evidence 404(b) is "virtually identical," and thus, Colorado Courts look to federal case law interpreting FRE 404(b) when interpreting CRE 404(b).  <u>See</u> <u>People v. Warren</u>, 55 P.3d 809, 812 (Colo. App. 2002).  As such, the admissibility of evidence under CRE 404(b) is a matter of state law, and is not cognizable in a federal habeas corpus proceeding.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 72, 112 S. Ct. 475, 482 (1991).

Moreover, assuming *arguendo* that O'Neil states a federal claim, the state courts refusal to permit the evidence, either at the suppression hearing, or at trial does not require federal habeas corpus relief.  Ruling that the evidence was not admissible as impeachment evidence or evidence of "modus operandi" under CRE 404(b) was correct, and was not contrary to, or an unreasonable application of, United States Supreme Court authority.[2]

Although "impeachment" has been recognized as one of the "other purposes" for which evidence of prior acts may be admissible under FRE 404(b), this does not mean that all prior acts are admissible as impeachment evidence. <u>Outley v. City of New York</u>, 837 F.2d 587, 593 (2nd Cir. 1988).  Under Rule

_____

[2] For purposes of 28 U.S.C. § 2254(d)(1), clearly established federal law "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 124 S. Ct. 2140 (2004); <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000).

404(b), evidence of other improper arrests by Deputy Plutt would be inadmissible to show that she acted in conformity with those acts in arresting O'Neil. <u>See</u> <u>Berkovich v. Hicks</u>, 922 F. 2d 1018, 1022-1023 (2nd Cir. 1991) (upholding exclusion of evidence of prior civilian complaints against police officers charged with use of excessive force).

The trial court excluded the evidence under CRE 404(b) because the incidents involving Plutt's arrests of other people had insufficient similarity to be relevant.  The court noted that the only common feature was that the proposed witnesses and the defendant apparently disagree that the deputy had acted properly in making arrests (Exhibit D, Findings, p. 3).  Any marginal relevance was outweighed by the tendency of this type of evidence to distract the jury from the central issues in the case (Exhibit D, Findings, pp. 2-3).

While the Constitution "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. <u>Holmes v. South Carolina</u>, 547 U.S. 319, 326, 126 S. Ct. 1727, 1732 (2006).  Here, the trial court's decision to exclude the proffered evidence because it was, at best,

minimally relevant and created a danger of confusion of the issues was consistent with well-established United States Supreme Court authority, and was not a violation of O'Neil's constitutional rights.

**II. The county court did not violate O'Neil's right to a fair trial, the right to present a defense, and his right to confrontation when the court prevented O'Neil from inquiring into the alleged bias of a key prosecution witness, Deputy Plutt.**

O'Neil asserts that the county court violated his right to a fair trial, the right to present a defense, and his right to confrontation by ruling that he could not impeach Deputy Plutt's response to his question whether she had ever "pulled anyone over without probable cause" by calling witnesses who disagreed with her answer. As discussed in Argument I, above, the court properly ruled that this was not proper impeachment, was marginally relevant, and created a danger of confusion of the issues.

Whether Deputy Plutt had engaged in unrelated unconstitutional arrests was irrelevant to the issues being tried – whether O'Neil was driving under the influence and was weaving. At most, the evidence would contradict an answer that was elicited by defense counsel.

While the exposure of a witness's motivation is a proper function of cross-examination as guaranteed by the Confrontation Clause, trial courts nevertheless

14

retain "wide latitude" to impose reasonable limits based, among other things, on the relevance of the inquiry, harassment, prejudice, and confusion of the issues. Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986).  Thus, the trial court's ruling in this case was not an unreasonable application of United States Supreme Court authority.  See United States v. Silveus, ___ F.3d ___ , 2008 WL 4138460, (3rd Cir. 2008) (district court did not violate defendant's Sixth Amendment right of confrontation by limiting cross-examination of a federal agent about a prior prosecution of a co-defendant that resulted in an acquittal, on the theory that the agent felt resentment about the acquittal that created an improper motive for testifying).  No basis for federal habeas corpus relief has been shown.

**III. The county court's exclusion of evidence that other witnesses believed Deputy Plutt had wrongfully stopped them on other unrelated occasions did not deny O'Neil due process and a meaningful suppression hearing.**

O'Neil contends that the denial of his proffered evidence that other witnesses believed Deputy Plutt had wrongfully stopped them on other unrelated occasions denied him due process and a meaningful suppression hearing. However, this claim must fail.

The subjective intent of an officer is generally irrelevant to the Fourth Amendment implications of police conduct.  See Bond v. United States, 529 U.S. 334, 338, n. 2, 120 S. Ct. 1462 (2000) ("The parties properly agree that the

15

subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment ...; the issue is not his state of mind, but the objective effect of his actions"); Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769 (1996) ("[W]e have been unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers"); Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989) ("[O]ur prior cases make clear" that "the subjective motivations of the individual officers ... ha[ve] no bearing on whether a particular seizure is 'unreasonable' under the Fourth Amendment).

　　　As discussed above, the proposed testimony had minimal relevance for impeaching Deputy Plutt's credibility.  The incidents involving other witnesses lacked similarity to the present offense, except for the witnesses' disagreement with her actions.  Furthermore, whether probable cause exists is a legal question, so the witnesses' assessment about whether probable cause was lacking in their situations was of little significance.  Thus, the trial court did not err by excluding the evidence.  See Mahaffey v. Schomig, 294 F.3d 907, 917-918 (7th Cir. 2002) (habeas petitioner's claim that he was deprived of evidence of systematic police brutality would have constituted impeachment evidence and helped him establish that the police abused him to extract a confession did not support claim that his

16

suppression hearing was not "a full and fair" hearing where available evidence of police misconduct at that time was not strong and would not have impeached the officers' testimony to any great extent).

Furthermore, even if error in the exclusion of evidence had occurred, this would simply constitute legal error in a suppression proceeding and would not affect the constitutional adequacy of the proceeding itself. See Sneed v. Smith, 670 F.2d 1348, 1356 (4th Cir. 1982) (allegations of state court error in a suppression hearing based on the claim that the only witness at the hearing testified falsely was correctible by normal processes of direct review and hence was not properly addressed in a federal habeas proceeding). Therefore, O'Neil's claim must be rejected.

ATTACHED EXHIBITS

The Clerk for the Combined Park County Courts is presently maintaining a case file from this case that does not appear to include any transcripts from O'Neil's trial. Respondents are not in possession of any state court records other than the records and pleadings that are attached, as follows:

Exhibit A: Opening Brief in People v. O'Neil, No. 07CV107.

Exhibit B: Answer Brief in People v. O'Neil, No. 07CV107.

Exhibit C: Reply Brief in People v. O'Neil, No. 07CV107.

17

Exhibit D:  Ruling on Appeal to the District Court in <u>People v. O'Neil</u>, No. 07CV107, and Findings and Order in <u>People v. O'Neil</u>, No. 06T527.

Exhibit E:  Petition for Writ of Certiorari in <u>O'Neil v. People</u>, No. 07SC883.

Exhibit F:  Order denying certiorari review in <u>O'Neil v. People</u>, No. 07SC883.

<u>CONCLUSION</u>

WHEREFORE, for the preceding reasons and authorities, Respondents respectfully request that this petition for federal habeas corpus relief be dismissed for lack of exhaustion or denied on the merits.

JOHN W. SUTHERS
Attorney General

s/ Laurie A. Booras
LAURIE A. BOORAS, 19648*
First Assistant Attorney General
Appellate Division
Criminal Justice Section
Attorneys for Respondents

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
**D.C. Box No. 20**
Telephone:  (303) 866-5785
FAX:  (303) 866-3955

AG ALPHA:          DAXX QEYN
AG File:                P:\AP\APBOORLA\oneil.habans.doc

18

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this   <u>1st</u>   day of  <u>October,</u> 2008, I electronically filed

the above ANSWER with the Clerk of Court using the CM/ECF system, which will

send notification of such filing to the following e-mail address:

<u>Heather_Beattie06@yahoo.com</u>


<u>s/ Laurie A. Booras</u>


19