Exhibit B: Answer Brief in People v. O'Neil, No. 07CV107.

| | |
|---|---|
| COUNTY COURT, PARK COUNTY, COLORADO<br>Court Address:<br>300 Fourth Street / P.O. Box 190<br>Fairplay, Colorado 80440<br>(719) 836-2940 | |
| **THE PEOPLE OF THE STATE OF COLORADO,**<br>**Appellee - Plaintiff,**<br><br>v.<br><br>**DENNIS O'NEIL,**<br>**Defendant - Appellant** | FILED IN COMBINED COURT<br><br>JUN 29 2007<br><br>PARK COUNTY, COLORADO |
| Office of the District Attorney, 11th Judicial District<br>Martin J. Kenney, Deputy District Attorney<br>310 Fourth Street / P.O. Box 1206<br>Fairplay, Colorado 80440<br>Phone Number: (719) 836-2080<br>FAX Number: (719) 836-7093<br>Atty. Reg. #: 31396 | ▲ COURT USE ONLY ▲<br><br>Case Number:<br>07CV107<br>Div.: A   Ctrm: County |
| **ANSWER BRIEF** | |

The People of the State of Colorado, by and through Molly Chilson, District Attorney within and for the Eleventh Judicial District, hereby submit their answer brief.

## ARGUMENT

1. The defendant, O'Neil, attempted to introduce evidence maligning Deputy J. Plutt's conduct as a peace officer. Such evidence is not permitted. *People v. Taylor*, 545 P.2d 703, 305 (Colo.1976); *People v. Cole*, 654 P.2d 830 (Colo.1982).

2. The Court can and must limit testimony. A defendant's right to confront and cross-examine witnesses is not absolute and may be limited to accommodate legitimate interests in the criminal trial process. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038 (1973); *Cole*, at 833.

3. The Court correctly precluded the testimony in question. To routinely allow this sort of questioning could greatly delay the trial and in effect make the officer the defendant in a series of mini-trials dealing with the manner in which she arrested countless other persons. The officer would have the right to present witnesses to her side of the story. The sideshow would take over the circus. *Taylor*, at 706.

1

SEP  2008

4. Based upon the Colorado Rule of Evidence 404, the Court correctly denied the defendant's proposed testimony. Character evidence is not admissible to show that a person acted in conformity therewith.

5. Based upon the Colorado Rule of Evidence 608, the Court correctly denied the defendant's proposed testimony. Extrinsic evidence may not be used to attack a witness' character for truthfulness.

6. See People's Exhibit "A".

Dated this June 29th, 2007.

Respectfully submitted,<br>
MOLLY CHILSON<br>
DISTRICT ATTORNEY<br>
<br>
_____<br>
Martin J. Kenney, Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 29th, 2007, I have mailed a true copy of the foregoing motion by fax/U.S. Mail, postage prepaid, addressed to:

Todd Barson
PO BOX 5406
111 Ski Hill Road
Breckenridge, CO 80424

_____
Monica Jones
District Attorney's Office

2



County Court, Park County Combined Court
300 4th Street, P. O. Box 190
Fairplay, CO 80440
719 / 836-2940

FILED IN COMBINED COURT
JUN 29 2007
PARK COUNTY, COLORADO

RECEIVED
FEB 2 0 2007
BY:_____

The People of the State of Colorado

v.

Dennis O'Neil,
Defendant

Case Number: 06 T 527

Div.: B    Ctrm: District

EXHIBIT A

## FINDINGS AND ORDER

This case is before the court on defendant's Notice of Intent to Introduce Other Transactions (CRE 404b) (sic) filed January 8, 2007 and People's Motion *in Limine* to Preclude Defense Evidence of Arresting Officers Character or Conduct (sic) filed January 31, 2007. Defendant has filed, at the court's instruction, an Amended Notice of Intent to Introduce Other Transactions [CRE 404(b)]. The People have filed Notes in re: O'Neil matter. The court finds:

Defendant is charged with Drove Motor Vehicle Under the Influence of Alcohol, §42-4-1301(1)(a), C.R.S., and Failed to Drive in Single Lane (Weaving), §42-4-1007(1)(a), C.R.S. Defendant was arrested for the offenses on July 15, 2006 by Deputy Plutt of the Park County Sheriff's Office.

On December 27, 2006 the court (Judge Mayhew) conducted a hearing on defendant's motion to suppress evidence. Defendant contended that defendant was illegally stopped by Deputy Plutt. The court denied the motion and found that Deputy Plutt had reasonable suspicion to stop defendant for weaving. Judge Mayhew also denied defendant's oral motion to introduce evidence of other traffic contacts conducted by Deputy Plutt, which defendant contended impeached the deputy's credibility.

Defendant has listed 5 witnesses who would testify, according to the offer of proof, that in the witnesses' opinions Deputy Plutt stopped them when driving for no legally sufficient reason. Some would also testify that the reasons given by Deputy Plutt for the stops were false.

Defendant, when asked by the court at the hearing on February 5, 2007, stated that the only purpose to cross examine Deputy Plutt and to introduce testimony by other witnesses who had been contacted by her was to attack her credibility. The court

concludes that the proposed cross-examination and evidence is marginally relevant. Although technically admissible under the rules of evidence any probative value is outweighed by the likelihood that permitting this evidence will lead to a protracted trial on tangential issues.

The court understands defendant's argument is that evidence of other traffic stops which the witnesses will contend were without legal justification would tend to show that Deputy Plutt would be untruthful in her expected testimony that defendant was weaving, an indicia of intoxication. Defendant also contends that other acts evidence is admissible under CRE 404(b) to show Deputy Plutt had a plan.

CRE 608(b) states, in relevant part, that "[s]pecific instances of the conduct of a witness" may "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... concerning his character for truthfulness or untruthfulness."

CRE 404 provides:
"(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same or if evidence of the alleged victim's character for aggressiveness or violence is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;
(2) Character of alleged victim. Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
(3) Character of witness. Evidence of the character of a witness as provided in Rules 607, 608, and 13-90-101.
(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The issues to be determined at trial are whether defendant was weaving and driving under the influence of alcohol. The issue for determination at the suppression hearing was whether there was reasonable suspicion to stop defendant. That has been resolved. The court has found, as a matter of law, that defendant's weaving constituted a legal basis for the stop. It is the law of the case. *People v. Matheny*, 46 P.3d 453 (Colo. 2002) ["Whether an officer has probable cause or reasonable suspicion to conduct a search or effect a seizure are mixed questions of law and fact with constitutional implications... .", citing *People v. King*, 16 P.3d 807 (Colo.2001)]. Therefore, defendant's

proposed evidence is of marginal relevance. While defendant may cross-examine Deputy Plutt on her observations of defendant throughout the contact, including those preceding the stop, defendant may not cross-examine Deputy Plutt regarding her contact with defendant's proposed witnesses, because reasonable suspicion for the stop is not the issue for trial. Likewise, defendant may not call witnesses to show that Deputy Plutt has stopped them allegedly without legal justification. Whatever relevance the other stops might have is outweighed by the distraction of the jury from the central issue, whether defendant was intoxicated. *People v. Taylor,* 190 Colo. 210, 545 P. 2d 703 (1976).

Construing defendant's offer of proof in the light most favorable to him, the court, at most, will have a he-said, she-said, which will be of little, if any, value to jurors. While working to determine if the charges against defendant are proven beyond a reasonable doubt, they will be faced with the distraction of determining whether these other incidents happened as the deputy said or as the witnesses will testify. It is unfair to ask the jurors to do so without conducting complete trials in those matters in which all available evidence would be considered. That procedure is simply beyond what is reasonable in this case. The court may, and must, limit cross examination and the presentation of extraneous evidence.

What defendant proposes would have the effect of maligning Deputy Plutt's official conduct generally by creating an impression that she initiates traffic stops willy nilly. This is impermissible. *People v. Cole,* 654 P.2d 830 (Colo.1982). This does not directly promote the inquiry of whether defendant was weaving or intoxicated. It would lead to a parade of witnesses and testimony of greater length than necessary on the issue of defendant's intoxication because the district attorney would presumably seek to call, as she would be entitled to do, at least an equal number of witnesses in rebuttal. If the court were to permit defendant's proposed cross examination and evidence, it would lead - if the court were to be consistent - to the situation in which in every trial a defendant could call every person who disagreed with the arresting officer to testify that the officer's stated reasons for contacting the witness were untrue. The district attorney would then be entitled to present evidence that the officer's contacts were lawful and the officer truthful. The result would be trials within trial on whether the deputy's version or the witness' version of their stop is true. It is for this reason that the appellate courts have stated the trial courts have discretion in admitting this evidence. *Id.*

As to the admissibility of the proposed evidence under CRE 404(b), the court finds that the offer of proof is insufficient. There is no commonality between the proposed evidence and that of this case on which the court can conclude that the evidence would show a plan on the part of Deputy Plutt. In one stop the proposed witness was arrested and charged and acquitted; in another the proposed witness was apparently arrested and charged but the case dismissed for procedural problems; in the last three the proposed witnesses were neither arrested nor charged. There is no commonality between the proposed evidence and defendant's case other than all the proposed witnesses and defendant apparently disagree with the actions of the deputy. Such evidence would not assist the jury in determining the issues in the case because mere disagreement does not prove anything.

Therefore, it is ordered:

People's Motion *in Limine* to Preclude Defense Evidence of Arresting Officers Character or Conduct is granted. Defendant may not cross examine Deputy Plutt at trial regarding traffic contacts with Kreg Kennedy, Garver Brown, Karen Mccubbin Lynch, Bonny Meade, or Debbie Davis nor introduce evidence of traffic contacts between them and Deputy Plutt.

Dated this 16th day of February, 2007.

BY THE COURT

[PARK COUNTY COLORADO SEAL COMBINED COURT]

_____
Charles M. Barton
District Court Judge

cc: Martin Kenney, Deputy District Attorney, P O Box 1206, Fairplay, CO 80440, via relay
Todd Barson, P O Box 5586, Breckenridge, CO 80424, via mail and fax 970 547 1857