Exhibit C: Reply Brief in <u>People v. O'Neil</u>, No. 07CV107.

.

Case 1:08-cv-00387-WDM-KMT   Document 19-3   Filed 10/01/08   USDC Colorado   Page 1 of 11

Exhibit C: Reply Brief in <u>People v. O'Neil</u>, No. 07CV107.

.

Exhibit C: Reply Brief in <u>People v. O'Neil</u>, No. 07CV107.

.

| | |
|---|---|
| DISTRICT COURT OF PARK COUNTY, THE STATE OF COLORADO<br><br>300 Fourth Street<br>Fairplay, CO 80440 | |
| Appeal from the County Court of Park County<br>Case No. 06T527<br>Presiding Court Judges: Stanley Mayhew and Charles Barton | |
| **Appellant – Defendant:**<br>**DENNIS O'NEIL**<br><br>v.<br><br>**Appellee – Plaintiff:**<br>**THE PEOPLE OF THE STATE OF COLORADO** | ▲ COURT USE ONLY ▲ |
| Attorney for Appellant - Defendant:<br>The Law Offices of Todd Barson, P.C.<br>Heather Beattie, A.R.N. 37417<br>P.O. Box 5406/111 Ski Hill Road<br>Breckenridge, CO 80424<br>Phone: 970-547-7668 or 970-389-6363<br>Fax: 970-547-1857<br>Email: heather_beattie06@yahoo.com | Case Number: 07CV107 |
| **REPLY BRIEF** | |



EXHIBIT C

i

# TABLE OF CONTENTS

Table of Authority................................................................... iii

Introduction............................................................................ 1

Reply to People's Argument.....................................................2

Conclusion.............................................................................. 6

# TABLE OF AUTHORITY

<u>Cases</u>

<u>People v. Cole</u>, 654 P.2d 830 (Colo. 1982) .......................... 3

<u>People v. Ibarra</u>, 849 P.2d 33 (Colo. Ct. App. 1999)............... 2

<u>People v. Taylor</u>, 545 P.2d 703 (1976)........................ ...... 3, 4

THE DEFENDANT, Dennis O'Neil, by and through his attorney, Todd Barson and the Law Offices of Todd Barson, P.C., submits the following REPLY BRIEF in the above-captioned case.

## INTRODUCTION

The Appellant/Defendant, Dennis O'Neil, will be referred to as "Mr. O'Neil." The Appellee/Plaintiff, The People of the State of Colorado will be referred to as "the People." In an effort to be concise and consistent counsel has designated the Clerk's Index in this matter by referring to items 1-48 as volume one (v. 1), the trial court record; item 49 as volume two (v. 2), Reporter's Transcript (Motion's Hearing) December 27, 2006; item 50 as volume three (v. 3), Reporter's Transcript (Motion's Hearing) February 12, 2007; and item 51 as volume four (v. 4), Reporter's Partial Transcript (Jury Trial) February 27, 2007. Thus, citations will reference the District Court's certified record by volume, page, and line number (v. p. l.).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I. THE COUNTY COURT ERRED WHEN IT PREVENTED THE DEFENDANT FROM INQUIRING INTO THE ALLEGED BIAS OF THE PEOPLE'S KEY WITNESS, DEPUTY PLUTT, UNDER C.R.E. 404(b).

II. THE COUNTY COURT ERRED WHEN IT PREVENTED THE DEFENDANT FROM INQUIRING INTO THE ALLEGED BIAS OF THE PEOPLE'S KEY WITNESS, DEPUTY PLUTT, UNDER

THE UNITED STATES CONSTITUTION AMENDMENT VI AND THE COLORADO CONSTITUTION ARTICLE II SECTION 16.

III. THE COUNTY COURT ERRED WHEN IT DENIED DEFENDANT'S RIGHT TO A MEANINGFUL SUPPRESSION HEARING BY REFUSING TO CONSIDER EVIDENCE BEARING ON THE CREDIBILITY OF THE PEOPLE'S KEY WITNESS, DEPUTY PLUTT, UNDER THE UNITED STATES CONSTITUTION AMENDMENT IV AND XIV AND THE COLORADO CONSTITUTION ARTICLE II SECTION 7 AND 25.

IV. THE COUNTY COURT ERRED WHEN IT FOUND THE DEFENDANT'S PROFFERED EVIDENCE TO PROVE THE ALLEGED BIAS OF THE PEOPLE'S KEY WITNESS, DEPUTY PLUTT, WAS INSUFFICIENT.

## STATEMENT OF THE CASE AND FACTS

Mr. O'Neil hereby incorporates the statement of facts from his Opening Brief in this case.

## REPLY TO THE PEOPLE'S ARGUMENT

Trial courts are afforded considerable discretion in determining evidentiary questions of admissibility. The standard of review for overturning the trial court on an evidentiary issue is for the appellant to show that the decision was manifestly arbitrary, unreasonable, or unfair. <u>People v. Ibarra</u>, 849 P.2d 33, 38 (Colo. Ct. App. 1999). The County Court heard all of the arguments on December 27, 2006 and February 12, 2007 and reviewed all of the pleadings in the matter.

2

Yet, the County Court erred when it found that proffered evidence by Mr. O'Neil against Deputy Plutt was inadmissible under Colorado Rule of Evidence 404(b), the Confrontation Clause of the 6th Amendment of the United States Constitution and the Right to a Fair Trial of the 4th and 14th Amendments of the United States Constitution. Mr. O'Neil provided to the County Court specific individuals who would testify to specific previous acts of Deputy Plutt which went to her plan of operation and overly aggressive bias to pull over individuals without legal justification during the time period in question.

The People submitted an "Answer Brief" in this case, although it was written in the form of a motion. The People's first argument is Mr. O'Neil attempted to introduce evidence maligning Deputy Plutt's conduct as a peace officer. (Ans. Br. at 1). For this proposition the People cited cases People v. Cole, 654 P.2d 830 (Colo. 1982) and People v. Taylor, 545 P.2d 703 (Colo. 1976). In Taylor the Court *allowed* the defense attorney to cross-examine the officer involved as to several arrests he made of other black individuals around the time of the arrest of the defendant. 545 P.2d at 705. The People objected, like they do here, stating that the issues were collateral and that this will confuse the jury. Id. This is not a case of the defendant

3

attempting to impugn an officer's character with little evidence and with little effect on the officer's credibility. Mr. O'Neil had proffered specific evidence that it presented to the court that went directly to Deputy Plutt's credibility. The correlative negative affect on her character as a peace officer is implicit in the accusation that she was manufacturing evidence.

Further, in Taylor, the People continued to object to the defense's questioning and the Court overruled the objections because the questions went to the officer's credibility. In this case, Mr. O'Neil is not alleging Deputy Plutt was racially biased. In effect, however, Mr. O'Neil argues Deputy Plutt was using her color of authority to pull over citizens without probable cause. Probable cause is a standard that protects citizens from arbitrary governmental intrusion into their private lives. Like the officer in Taylor arresting individuals based on the color of their skin, Deputy Plutt was arresting individuals on *less* than the color of their skin. Mr. O'Neil argued and reiterates his argument that Deputy Plutt manufactured evidence in an effort to pull over citizens of Park County, Colorado. This argument goes directly to the credibility of Deputy Plutt.

The People's second argument is that cross-examination must be limited to accommodate legitimate interests in the criminal trial process.

(Ans. Br. at 1). Truth and justice are both legitimate interests of the criminal trial process. Here, neither judge presiding in this matter even inquired of the proffered witnesses. Had either judge inquired into the merits of the proffered evidence in advance of trial they could have (and should have) then limited their testimony; however, any mention of any of the other arrests was specifically excluded in advance of trial.

The People's third argument is that allowing any testimony from any other arrestee would allow the sideshow to take over the circus. (Ans. Br. at 1). Allowing inquiry by defense counsel of Deputy Plutt as to specific other arrests conducted in a strangely similar fashion to Mr. O'Neil's does not allow the sideshow to take over if the fettering out of irrelevant information is done in advance and testimony is properly limited. There are and were public records on the dispositions in the proffered cases. This is not an attempt to make the Deputy the defendant, the Deputy is an agent of the state and held, as such, to certain constitutional standards to protect citizens.

Mr. O'Neil argues that Deputy Plutt was engaged in a pattern of conduct of pulling over individuals with less than probable cause. This is an exception to the Colorado Rule of Evidence 404 ban against introduction of character evidence to prove conformity with the previous acts of the witness.

5

Finally, Mr. O'Neil has not argued the applicability of C.R.E. 608 to his case. Character for truthfulness is included in the definition of credibility; however, the crucial distinction is that integrity, sincerity, and reliability are also included in the definition of credibility. Therefore, C.R.E. 608 applies, but not directly because the Mr. O'Neil's concern is Deputy Plutt's credibility.

The County Court did not investigate the merits of Mr. O'Neil's proffered evidence. It simply dismissed the evidence as "marginally relevant...Although technically admissible." (v. 1, p. 70). This statement, in effect, limited Mr. O'Neil's right to present a defense.

## CONCLUSION

For the aforementioned reasons, Mr. O'Neil respectfully requests that this Court REVERSE the decision of the County Court Judges.

Respectfully Submitted,

_____
Todd Barson, 23529

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2007, this OPENING BRIEF was e-filed via Lexis Nexis File and Serve and that the original was sent to the court and a copy was sent via U.S. postal service self addressed postage pre-paid to the following:

    Clerk of the County Court
    Park County Courthouse
    300 Fourth Street
    Fairplay, CO 80440

    Office of the District Attorney
    Eleventh Judicial District
    P.O. Box 1206              Todd Barson
    Fairplay, CO 80440