Exhibit E: Petition for Writ of Certiorari in O'Neil v. People, No. 07SC883.

| | |
|---|---|
| **SUPREME COURT, STATE OF COLORADO**<br>Two East 14th Avenue<br>Denver, CO 80202<br><br>Appeal from the District Court of Park County<br>Case No. 07CV107<br><br>Presiding Court Judge: Steven Groome | |
| Appellant/Defendant: **DENNIS O'NEIL**<br><br>v.<br><br>Appellee/Plaintiff: **THE PEOPLE OF THE STATE OF COLORADO** | **▲ COURT USE ONLY ▲** |
| Attorney:<br>The Law Offices of Todd Barson, P.C.<br>Todd Barson, 23529<br>Heather K. Beattie, 37417<br>P.O. Box 5406/111 Ski Hill Road<br>Breckenridge, CO 80424<br>Phone: 970-547-7668<br>Fax: 970-547-1857 | **Supreme Court Case Number:**<br>07SC883<br><br>Div: Ctrm:<br>RECEIVED OCT 15 2007 CLERK COLORADO SUPREME COURT |
| **PETITION FOR WRIT OF CERTIORARI TO THE COLORADO SUPREME COURT** | |

THE DEFENDANT, Dennis O'Neil, by and through his attorney Todd Barson and the Law Offices of Todd Barson, P.C. and submits the following PETITION in the above captioned case.

## INTRODUCTION

The Defendant/Appellant, Dennis O'Neil, will be referred to as "Mr. O'Neil." The Appellee/Plaintiff, The People of the State of Colorado will be referred to as "the People." To be concise and consistent counsel has designated the Clerk's Index in this matter by referring to items one through 48

as volume one (v. 1), the trial court record; item 49 as volume two (v. 2), Reporter's Transcript (Motion's Hearing) December 27, 2006; item 50 as volume three (v.3), Reporter's Transcript (Motion's Hearing) February 12, 2007; and item 51 as volume four (v. 4), Reporter's Partial Transcript (Jury Trial) February 27, 2007. Thus, citation will reference the District Court's certified record by volume, page, and line number (v. p. l.).

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

THE DISTRICT COURT VIOLATED THE DEFENDANT'S RIGHT TO CONFRONT HIS ACCUSER BY REFUSING TO APPLY PEOPLE V. TAYLOR, 545 P.2d 703 (Colo. 1976), WHICH HOLDS THE DEFENDANT SHOULD BE ALLOWED TO QUESTION THE CHARACTER OF A WITNESS FOR TRUTH AND VERACITY.

## CONSIDERATIONS FOR GRANTING CERTIORARI

The District Court decided "a question of substance not heretofore determined by [the Supreme Court]." C.A.R. 49(a)(1). The district court's decision denies the Defendant the right to confront witnesses against him when it affirmed the county court's order barring any mention of prior incidents of bad conduct of Deputy Plutt without hearing from any witnesses in violation of this Court's holding in People v. Taylor, 545 P.2d 703 (Colo. 1976). Further, this issue is crucial to the Defendant's ability to surmount a defense as it directly relates to the cross examination of key prosecution witnesses.

This Court may grant certiorari only for special and important reasons. C.A.R. 49(a). The Defendant submits that the county court's review of this case allowed law enforcement officers unquestionable protection from scrutiny.

There is no question the right to confront adverse witnesses is a fundamental component of the accused trial rights. However, the justice system simply acquiesces to improper police behavior when it refuses to review testimony against law enforcement.

JURISDICTION

This Court has jurisdiction under C.R.S. 13-6-301(4). The District Court issued its Ruling on Appeal to the District Court on September 14, 2007. Counsel has attached a copy of this Ruling.

STATEMENT OF THE CASE AND BRIEF OUTLINE OF THE FACTS

Mr. O'Neil has been convicted of Driving While Ability Impaired. Mr. O'Neil and his passenger, Craig Lamonaca, were pulled over by Park County Sheriff's Deputy Plutt on July 14, 2006. (v. 4, p. 12, l. 22-25).

On September 18, 2006 M. O'Neil filed a Motion to Suppress based on the unconstitutional stopping of his vehicle without reasonable suspicion or probable cause. (v. 1, p. 101). Mr. O'Neil then filed a notice of witness to include: Garver Brown, Karen McCubbin Linch, Kreg Kennedy, Jeff Hill, Bonnie Meade, Gary Stamper, Jessie Hatfied, and Greg Lamonaca. (v. 1, p. 90).

A hearing was held on the motion on December 27, 2006 (v. 2). Mr. O'Neil argued for the suppression of evidence based on no reasonable suspicion by Deputy Plutt that he was failing to drive in his own lane on July 15, 2006 around 12:55 a.m. (v. 2, p. 3, l. 2-7). It is a factual issue whether Mr. O'Neil in fact weaved at the date and time above; however, Mr. O'Neil maintains he did not weave. (v. 2, p. 41, l. 6-9). Mr. O'Neil offered proof to the court that he has at least five other individuals pulled over for similar reasons at similar hours of the night within the same general time frame as Mr. O'Neil by the same Deputy Plutt with proof that each incident that it was without legal justification. (v. 2, p. 59, l. 6-24; p. 60, l. 1-12).

The County Court felt this type of criminal suppression, evidentiary issue was not his suit, the judge allowed counsel to file supporting briefs. (v. 2, p. 6, l. 15-18). Mr. O'Neil filed a Notice of Intent to Introduce Other Transactions (CRE 404(b)). (v. 1, p. 88-89). In Mr. O'Neil's Notice contained the same witnesses as listed above. (v. 1 p. 88). The People filed a motion in response arguing under C.R.E. 608(b) this evidence could not be introduced because it was extrinsic and went to the deputy's character for truthfulness. (v.1, p. 83-84).

Another motion's hearing was held on February 12, 2007. (v. 3). At that time Mr. O'Neil again argued to introduce evidence of similar transactions of the witness under C.R.E. 404(b). (v. 3, p. 10, l. 18-22). At that time the County

Court struggled with understanding what character trait the other acts evidence would show. (v. 3, p. 22, l. 4-20). In the end, it again reserved ruling and allowed counsel to file supporting briefs. (v. 3, p. 25, l. 1-14).

Mr. O'Neil filed an Amended Notice providing the same list of witnesses with specific details about the individual, the time of day they were stopped, the date on which they were stopped, and dispositions in those cases. ( v. 1, p. 74-76). Specifically, in at least two of those cases the individuals were pulled over by Deputy Plutt at night for weaving all over the road and almost hitting a delineator post (v. 1, p. 75). Further, the other individuals were pulled over at night for reasons they found to be inaccurate and in one case the individual was told by Deputy Plutt that the she was pulling her over to investigate her sobriety because the car was involved in a DUI the previous night. (v. 1, p. 75).

The County Court issued its Findings and Order on February 16, 2007. (v. 1, p. 72). In its Findings the County Court concluded that the proffered evidence was "marginally relevant." (v. 1, p. 70). The County Court used the circular argument that it had already decided there was probable cause/reasonable suspicion for the stop in an earlier hearing. (v. 1, p. 70). Further, the County Court found that "whatever relevance the other stops might have is outweighed by the distraction of the jury from the central issue,

whether the defendant was intoxicated." (v. 1, p. 71). For that proposition the County Court cited People v. Taylor, 545 P.2d 703.

Further, the County Court believed that the proffered witnesses simply disagreed with the deputy. (v. 1, p. 71). It noted, "disagreement does not prove anything." (v. 1, p. 71). The District Court adopted those findings and dismissed the Defendant's argument based on Taylor finding that it did not apply because that case dealt with racial bias. (see attached).

## ARGUMENT

THE DISTRICT COURT VIOLATED THE DEFENDANT'S RIGHT TO CONFRONT HIS ACCUSER BY REFUSING TO APPLY PEOPLE V. TAYLOR, 545 P.2d 703 (Colo. 1976), WHICH HOLDS THE DEFENDANT SHOULD BE ALLOWED TO QUESTION THE CHARACTER OF A WITNESS FOR TRUTH AND VERACITY.

## STANDARD OF REVIEW-STRICT SCRUTINY

The Colorado Constitution expressly establishes the inalienable right to defend one's liberty. Colo. Const. art. II, section 3. The right to liberty, the presumption of innocence, and right to confront one's accuser are fundamental. U.S. Const. amends. V, VI, & XIV; Colo. Const. art. II, sections 3 and 25. Therefore, strict scrutiny applies.

## THE SIXTH AMENDMENT ARGUMENT

In People v. Taylor this Court considered the bounds of cross examination of a police officer's racial bias. 545 P.2d 703, 705 (Colo. 1976). The Defendant inquired into the officer's racial bias by questioning him as to

specific arrests of African-Americans he had made within months of the Defendant's arrest. 545 P.2d at 705. The officer disavowed even the slightest hint that any prior arrests were racially motivated. Id. In rebuttal, the Defendant was allowed to bring in the witnesses who were arrested; they testified to racial slurs made by the officer. Id. This Court concluded the trial court had been correct to allow the evidence because it went to the officer's credibility. Id.

However, this Court was careful to provide that while the evidence should be allowed within broad limits courts should not allow such examination when it would be irrelevant, have no probative force, or if the evidence would have little effect on the witness's credibility. 545 P.2d at 705. This Court did not allow carte blanche the admission of such evidence; it provided, "while the character of a witness for truth and veracity may be shown, impeachment may not be accomplished by attacking the general character of a witness." Id. at 706.

Here, the County Court refused any presentation of Mr. O'Neil's proffered evidence. Like Taylor, counsel for the Defendant asked Deputy Plutt on cross if she had ever pulled anybody over without probable cause to which she responded, "never." (v. 4, p. 53, l. 11-13). Mr. O'Neil should have been allowed to introduce extrinsic evidence to the contrary. First, Mr. O'Neil was not permitted to inquire of the Deputy whether the arrests had taken place,

even though that was considered proper questioning under Taylor. Second, Mr. O'Neil was likewise precluded from calling witnesses who would have testified they were pulled over without any justification. Third, the County Court should have at least considered pre-trial questioning of Deputy Plutt as to this issue due to the effect it would have on her credibility if it were introduced at trial.

The District Court adopted the findings of the County Court. The District Court provides that counsel pointed to no evidence that the County Court's ruling was manifestly arbitrary, unreasonable, or unfair. Yet, the Defendant argued that while that trial court has broad discretion to permit or deny cross examination of certain topics it does not have the right to deny defendants the right to confront their accuser. It was manifestly unjust, unfair, and unreasonable to deny Mr. O'Neil even the opportunity to bring in these witnesses in an evidentiary matter, in addition to being denied the right to question Deputy Plutt in any way about previous arrests she had made. The County Court effectively denied Mr. O'Neil his right to surmount his own defense by preventing any questioning of Deputy Plutt about her pattern of conduct.

CONCLUSION

For the aforementioned reasons Mr. O'Neil respectfully requests this Court GRANT his Petition for Certiorari.

Dated this 14th day of October 2007.

Respectfully Submitted:

Todd Barson, Esq.
Heather K. Beattie, Esq.
The Law Offices of Todd Barson, P.C.
P.O. Box 5406
Breckenridge, CO 80424

CERTIFICATE OF SERVICE

I hereby certify that on the ___14___day of ____October_____________, 2007, the original and nine copies of the above **PETITION FOR WRIT OF CERTIORARI TO THE COLORADO SUPREME COURT** was hand delivered and filed with:

Clerk of the Supreme Court
Two East 14th Avenue
Denver, CO 80202

10.15.07

Heather Beattie