IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00387-WDM-KMT

DENNIS O'NEIL,

Applicant,

v.

PARK COUNTY COURT, STATE OF COLORADO, and
JOHN SUTHERS, ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## REPLY TO ANSWER

The Applicant [hereinafter the "O'Neil"] files this Reply to Respondent's Answer to O'Neil's federal habeas corpus application, as follows:

## EXHAUSTION OF STATE COURT REMEDIES

**A. Whether O'Neil's claims have been exhausted in the state courts.**

Claim One.

O'Neil raised his claim one in both the direct appeal and the petition for certiorari to the Colorado Supreme Court. This issue was raised directly in the trial court via Motion to Suppress and a Motion to Introduce Other Acts Evidence Under C.R.E. 404(b). It was also raised in the direct appeal to the district court (Exhibit C, Reply Brief, p. 3). It is a federal evidentiary issue

1

subject to the due process clause of the Fourteenth and Fourth Amendments. (Exhibit C, Reply Brief, p. 3)

Claim Two.

O'Neil raised his claim two in his Colorado Supreme Court certiorari proceedings. Claim two was raised in both the direct appeal and certiorari review, it was framed as a confrontation clause violation and fair trial violation under the Sixth Amendment of the U.S. Constitution. (Exhibit A, Opening Brief, p. 17; Exhibit E, Petition for Cert., p. 2). There are three separate issues as previously stated in the Application.

Claim three.

The third claim relies on the judge's failure to have a meaningful suppression hearing in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution by violating his due process.

**B. Summary.**

O'Neil has exhausted his claims one, two, and three. Further, claim one is based on Colorado Rule of Evidence 404(b), which is virtually identical to the Federal Rule of Evidence 404(b). Therefore, Colorado case law interprets federal case law when analyzing an application of 404(b). O'Neil submits his claim one has been exhausted as outlined above.

O'Neil submits he exhausted claim two as he outlined in his petition for Colorado Supreme Court review he is seeking review for violations of the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. Further, the discretionary review by the Supreme Court is rarely granted and must fall within page limit parameters.

O'Neil disagrees with Respondent's contention that O'Neil has only presented two of his claims. O'Neil submitted his claims one, two, and three to the Colorado Supreme Court on discretionary review. Whether O'Neil was even required to file with the Colorado Supreme Court is debatable under Colorado Appellate Rule 51.1(a). Therefore, O'Neil has exhausted all appeals of right to the state courts and no remedy is available to him.

REPLY TO ANSWER

## I. The county court violated O'Neil's right to confrontation when it prevented him form inquiring into the modus operandi of Deputy Plutt.

O'Neil relied on C.R.E. 404(b) in state court because that is the applicable rule; however, as stated above it is almost identical to the corresponding federal rule. Therefore the admissibility of evidence under federal evidentiary law is cognizable in a federal habeas corpus proceeding because it relates to federal due process under the Constitution. Estelle v. McGuire, 502 U.S. 62, 72 (1991).

3

O'Neil contends the trial court should have allowed prior acts of Deputy Plutt to be examined as impeachment evidence when she told the jury she "never" pulled anybody over with out probable cause. See <u>Outley v. City of New York</u>, 837 F.2d 587, 593 (2nd Cir. 1988). In <u>Outley</u>, the court provided the trial court should have gone through the two part 404(b) analysis deciding first whether the proffered evidence fell into an exception of 404(b) and then whether it passed the 403 balancing test. <u>Id</u>. at 593. Further, the court went on to discuss that impeachment is recognized as one of the "other purposes" for which evidence of prior acts evidence is admissible. <u>Id</u>. Mr. O'Neil proffered this evidence as a pattern of conduct (one of the exceptions of 404(b)) or modus operandi, not for purposes of showing the deputy acted in conformity with her prior acts. This is the crux of O'Neil's argument.

O'Neil contends his proffered evidence was highly relevant. During jury trials the law enforcement officer on the stand has immediate credibility because of his position. The issue O'Neil complains of is the Court would not consider *any* evidence to the contrary no matter how similar or relevent in violation of O'Neil's right to confront his accuser with properly admissible evidence.

**II. The county court violated Mr. O'Neil's right to a fair trial, the right to present a defense, and his right to confrontation when the court prevented**

**O'Neil from inquiring into the alleged bias of a key prosecution witness, Deputy Plutt.**

O'Neil contends the court excluded proper impeachment testimony of Deputy Plutt as discussed above. In United States v. Silveus, 090908 FED3, 07-3544 (3rd Cir. 2008) the Court of Appeals for the third circuit was deciding a case based in the U.S. Virgin Islands where the Defendant was a U.S. citizen who was accused of harboring illegal immigrants.

The court in Silveus was primarily concentrated on the issue of whether the search of Silveus' vehicle was constitutional under the Fourth Amendment. Id. at 6-10. It was the Defendant's belief that the court had violated her Sixth Amendment right to confront her accuser because she could not ask the ICE officer about a prior prosecution against the individual she was charged with harboring. Id. at 17. The individual was her co-defendant in a joint trial at the time. Id. Further, the court found Silveus was able to ask the ICE officer about alleged advancements she said he made, which go directly to her case and his potential motive as to her. Id. Finally, O'Neil's case is different because evidence of a law enforcements agents' modus operandi is relevant to the credibility of the police officer. Therefore, this issue is ripe for federal habeas corpus relief.

### III. The county court erred when it denied O'Neil's right to a meaningful suppression hearing by refusing to consider evidence bearing on the credibility of the People's key witness.

O'Neil contends that Deputy Plutt pulled Mr. O'Neil over and fabricated the reasons for the stop, as she had done on at least three to five other occasions of which O'Neil is aware. O'Neil contends Deputy Plutt's objective actions were to pull him over for no reason whatsoever, in clear violation of the Fourth Amendment protection against unreasonable search and seizures.

O'Neil is not only saying Deputy Plutt's motivations were improper, he is going farther by saying, Deputy Plutt's actions fall into a pattern or modus operandi of pulling over individuals and giving the same "objective reasons." See Mody v. Hoboken, 959 F.2d 461, 467 (3rd Cir. 1992). For example, one of Deputy Plutt's alleged reasons for pulling over O'Neil is because he almost hit a delineator post. She gave that same reason to at least two other individuals whom she pulled over.

Further, Park County in and around the Fairplay area is not a highly populated area. O'Neil submits the fact all the other incidents exist from that part of Park County is remarkable. Given the similarity in nature, alleged reasons for the stop, and availability of individuals to testify O'Neil should have been granted an opportunity to cross-examine and hold a hearing on the proffered evidence.

6

## CONCLUSION

WHEREFORE, for the aforementioned reasons and authorities, O'Neil respectfully requests that his petition for federal habeas corpus relief be GRANTED or in the alternative grant an evidentiary hearing.

HEATHER K. BEATTIE,
ATTORNEY AT LAW, LLC

/s/ Heather K. Beattie
Heather K. Beattie
Attorney at Law, LLC
P.O. Box 2784/307 Main St., Suite 3
Frisco, CO 80443
Phone: 970-668-1772
Fax:   970-668-1773

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2008, I electronically filed the above REPLY TO ANSWER with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Laurie.Booras@state.co.us

/s/ Heather K. Beattie