IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-00387-WDM-KMT

DENNIS O'NEIL,

      Petitioner,

v.

PARK COUNTY COURT,
STATE OF COLORADO, and
JOHN SUTHERS, ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

Miller, J.

This case is before me on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc no 15) ("Petition").  Respondents oppose the Petition. After reviewing the pertinent portions of the record in this case including the Petition, the Answer, the Reply, and the state court record, I conclude that the Petition should be denied.

### Background

On April 13, 2007, Defendant was found guilty of driving while ability impaired and weaving after a jury trial in the County Court for Park County, Colorado.  He appealed the verdict to the district court, then filed a petition for writ of certiorari with the Colorado Supreme Court, which was denied.  Petitioner's claims of error come from the trial court's refusal to permit Petitioner to introduce evidence relating to alleged bias or untruthfulness

on the part of the arresting officer.

Defendant was arrested on July 15, 2006 by Deputy Jennifer Plutt of the Park County Sheriff's Office.   On December 27, 2006, Park County Court Judge Stanley Mayhew conducted a hearing on Petitioner's motion to suppress evidence, which was based on Petitioner's contention that Deputy Plutt did not have reasonable suspicion to justify stopping him.   Judge Mayhew denied the motion and found that the deputy had reasonable suspicion to stop Petitioner for weaving.  At that hearing, Judge Mayhew denied Petitioner's motion to introduce evidence from five drivers who claimed to have been stopped by Deputy Plutt without justification on other occasions.   On February 12, 2007, District Court  Judge Charles Barton conducted a hearing on Petitioner's Notice of Intent to Introduce Other Transactions and the People's Motion in Limine to Preclude Defense Evidence of Arrest Officers Character or Conduct, which related to evidence from the same drivers.  Judge Barton thereafter issued his findings and order on the issues.

According to Judge Barton's order, the proffered evidence would show that one proposed witness was arrested and charged and acquitted; another proposed witness was arrested and charged but the case dismissed for procedural problems; the final three proposed witnesses were neither arrested nor charged.  All disagreed that the deputy had reasonable suspicion to stop them.  As explained by Judge Barton, Petitioner's argument "is that evidence of other traffic stops which the witnesses will contend were without legal justification would tend to show that Deputy Plutt would be untruthful in her expected testimony that defendant was weaving, an indicia of intoxication" and that the other acts could show that Deputy Plutt had a plan.  Findings and Order, Exh. D to Respondents' Answer to Show Cause (doc no 19-5).  Judge Barton ruled that the proposed evidence was

2

of marginal relevance and of little value to jurors. The court also determined that the result would be trials within a trial on whether the deputy's version or the witnesses' version of the stops were true, creating distraction and unduly expanding the scope of issues for trial. In addition, Judge Barton ruled that there was insufficient commonality to show that there was a plan on the part of Deputy Plutt.

On appeal, District Court Judge Stephen A. Groome concurred with Judge Barton's analysis and conclusion. Noting that "[m]ere allegations of prior wrongful traffic stops does not equate to 'prior similar acts,'" Judge Groome determined that the trial court had properly exercised discretion and balancing of the conflicting considerations raised by Petitioner's argument. Ruling on Appeal to the District Court, Exh. D to Respondents' Answer to Show Cause (doc no 19-5). Judge Groome also determined that the evidence was not sufficiently probative of bias to justify its admission.

In his Petition, Petitioner asserts three claims: (1) the County Court violated Petitioner's right to confront his accusers when it prevented him from inquiring into the modus operandi of Deputy Plutt; (2) the County Court violated Petitioner's right to a fair trial and right to confront adverse witnesses when it prevented Petitioner from inquiring into Deputy Plutt's alleged bias; and (3) the County Court denied Petitioner a meaningful suppression hearing by refusing to consider evidence bearing on the credibility of Deputy Plutt, in violation of due process.

### Standard of Review

In general, federal habeas corpus relief may not be granted unless it appears that the applicant has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b). A claim has been exhausted when it has been "fairly presented" to the state court.

*Picard v. Connor*, 404 U.S. 270, 275 (1971). "Fair presentation" requires more than presenting "all the facts necessary to support the federal claim" to the state court or articulating a "somewhat similar state-law claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. *Picard*, 404 U.S. at 278.

Assuming the claims have been exhausted, or the requirement of exhaustion is excused, I then turn to the merits of the issues raised in the Petition.          B e c a u s e Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs my review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)).  Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly

established rule of federal law.  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House v. Hatch*, 527 F.3d 1010, 1018 (2008).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* at 1178.  "[T]his 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims."  *Id.*

Discussion

The government argues that Petitioner's first claim is not exhausted because it was never fairly presented to the state courts as a federal constitutional or statutory issue. Rather, Petitioner presented the issue solely in reliance on Colorado Rule of Evidence 404(b).  I agree.  My review of the record indicates that Petitioner did not identify any federal issue in his briefs in connection with this claim.

The government concedes that Petitioner's second claim was raised as a Sixth Amendment issue to the district court but not in his petition for certiorari.  I disagree; Petitioner's petition for certiorari contains a reference to the Sixth Amendment in connection with his argument concerning Deputy Plutt's alleged bias.  The government does not dispute that Petitioner's third claim is exhausted.  Accordingly, I will consider Petitioner's second and third claims on the merits.

The basis of the second claim is Petitioner's assertion that on cross examination, his counsel asked Deputy Plutt whether she had ever stopped any cars without probable cause; she replied "never."  Petitioner asserts that he should have been permitted to introduce the evidence of his witnesses, who disagreed that the deputy had probable cause to pull them over in unrelated incidents.  As noted by the government, the United States Supreme Court has held that trial courts retain discretion to impose limits on cross-examination based on the relevance of the inquiry, harassment, prejudice, and confusion of the issues.  *Delaware v. Van Arsdall* 475 U.S. 673, 679 (1986); *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam) ("the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.") (emphasis in original).

The analyses of the state courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in those proceedings.  The issue to be determined was whether Deputy Plutt had observed Petitioner's car weaving, which ultimately rested on a credibility determination of Deputy Plutt and Petitioner.  I agree with the state courts that evidence that other drivers disagreed with the reasons for Deputy Plutt's actions, or that the stops had not resulted in arrests, was of marginal relevance.  Petitioner's evidence does not establish unequivocally that the other drivers were not weaving or that Deputy Plutt had testified falsely in the past.   Therefore, the jury would have to make numerous subdeterminations of whether the previous incidents did or did not demonstrate a stop without probable cause, a difficult or impossible task under the circumstances and which would again involve the same credibility judgments that the jury was capable of making without such evidence.  This would have plainly confused the issues and prolonged the trial.  Given the broad discretion granted to trial courts in limiting cross examination under such circumstances, I cannot conclude that the actions of the state courts were unreasonable.

Similarly, Petitioner's third claim relates to the refusal of Judge Mayhew to permit the same evidence at the suppression hearing.  Again, the main issue there was the credibility of Deputy Plutt and of Petitioner; Petitioner contended he was not weaving, Deputy Plutt testified that he was.  As noted above, the fact that she previously pulled over other drivers for weaving is of little probative value in evaluating the evidence in Petitioner's case.  Under the circumstances, I conclude that the state courts did not unreasonably

determine that Petitioner's due process rights were adequately protected in his suppression hearing.

Accordingly, it is ordered:

1.      The Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 (doc no 15) is denied.

DATED at Denver, Colorado, on May 12, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge